888 F.2d 1387
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Earl GASKINS, Defendant-Appellant.
 No. 89-5517.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 21, 1989.
Decided Oct. 23, 1989.
 
 Timothy John McGary on brief for appellant.
 Dennis Michael Kennedy, Assistant United States Attorney, Office of the United States Attorney, on brief for appellee.
 Before WIDENER and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Earl Gaskins was convicted in a trial by jury of possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and possession of marijuana in violation of 21 U.S.C. Sec. 844; and under the Assimilated Crimes Act, 18 U.S.C. Sec. 13, of possession of cocaine under Virginia Code Sec. 53.1-203(5); and possession of marijuana under Virginia Code Sec. 53.1-203(6).
 
 
 2
 All the essential facts to support the conviction were stipulated except possession of the substances involved. So the only issue at trial was the possession of the substances involved, and the only issue on appeal is the sufficiency of the evidence of possession.
 
 
 3
 The facts disclose that in a June 12, 1988, shakedown at Lorton Reformatory, where the defendant was confined, the officers conducting the search found in a chest of drawers belonging to the defendant numerous articles of personal property also belonging to the defendant, including pictures, letters, magazines, towels and various articles of clothing. Also found in the chest of drawers were cigarette rolling papers, razor blades, balloons, an envelope containing marijuana, and six envelopes containing cocaine. The cigarette papers, razor, blades and balloons are items of paraphernalia commonly used in the use and distribution of marijuana and cocaine.
 
 
 4
 There were 150 prisoners in the area in which Gaskins' chest of drawers was located, and the chest of drawers was unlocked. It was suggested in argument, to show lack of proof of possession, that the defendant told one of the officers that he shared the chest of drawers with another inmate, but he did not know the identity of the man with whom he was sharing the locker. Also, there was nothing in the locker to indicate any other person used it except Gaskins. On this evidence we are of the opinion that the jury was not required to find joint use of the locker by Gaskins and anyone else.
 
 
 5
 Despite the fact that the chest was unlocked, there is no suggestion from evidence in the record that anyone else used it except Gaskins. We are thus further of the opinion that there was sufficient evidence from which the jury could conclude beyond a reasonable doubt that Gaskins was in possession of the illegal drugs at the time of the shakedown. The standard is whether the jury, after viewing the evidence in the light most favorable to the prosecution, could rationally have found that Gaskins was in possession of the illicit drugs. Jackson v. Virginia, 443 :U.S. 307 (1979). We are of the opinion that the Jackson standard was met.
 
 
 6
 The issues in this case have been recently authoritatively decided, and the decisional process would not be significantly aided by oral argument.
 
 The judgment of conviction is accordingly
 
 7
 AFFIRMED.